# Ruddy's Estate.

*Executors and administrators—Appointment of administrator d. b. n. c. t. a.*

A petition for the appointment of an administrator d. b. n. c. t. a. in order to charge a money legacy on land devised to another is properly dismissed where the petition does not allege that any assets of the estate had been discovered after the executor filed his account, nor that the estate had not been fully administered, nor that there were any moneys, goods or assets remaining in his hands due to and belonging to the testator's estate, nor that any promises had been made to him in his representative character upon which an action would lie, nor that any judgment obtained by or in the name of the executor remained unsatisfied. In disposing of such a petition the court may consider the nature of the legacy and pass upon the question whether it was a charge on the land devised.

Argued March 5, 1908. Appeal, No. 10, 1908, by Mary Nallin O'Malley, from decree of O. C. Lackawanna Co., dismissing petition for administrator d. b. n. c. t. a. in Estate of Elizabeth Ruddy, deceased. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for appointment of administrator d. b. n. c. t. a.

SANDO, P. J., filed the following opinion:

This proceeding is upon an appeal by Mary Nallin O'Malley from the decree of the register of wills dismissing a petition which prayed for the appointment of an administrator d. b. n. c. t. a. for the estate of Elizabeth Ruddy, deceased.

Elizabeth Ruddy died on October 1, 1903, testate, her will was probated, and letters testamentary thereon were granted to E. J. Lynett. The estate was duly settled according to law and the fixed rules of procedure. The executor's first and final account was confirmed finally on November 25, 1905, and subsequently a rule was entered on all persons interested to show cause why the executor should not be discharged; on January 27, 1906, the rule was made absolute and it was or-

dered, adjudged and decreed that E. J. Lynett be discharged from his trust.

An examination of the will, dated February 18, 1899, attached to the petition, and a part of the same, discloses:

1. A legacy, "to my daughter, Maggie Ruddy," a piano.

2. A legacy, "all the rest of my household goods," etc., "to my daughters, Maggie Ruddy and Sarah Ruddy, share and share alike."

3. A legacy, "unto my niece, Mary Nallin, the sum of five hundred dollars."

4. A devise of a lot of land and the three-story brick building erected thereon, numbered and known as No. 306 Penn Avenue, "unto my three daughters, Maggie Ruddy, Nellie Lynett and Sarah Ruddy, share and share alike, their heirs and assigns forever."

5. No residuary clause.

An examination of the account filed shows that there was an indebtedness of $594.78, to pay and discharge which there were personal assets ($7.97 in a bank and $150 due from the estate of M. J. Ruddy, deceased), amounting to $157.97. The balance necessary for the payment of the debts, viz., $436.81, was made up by the devisees of the real estate and paid by them.

It is contended by the petitioner that her legacy should, at least, in part be paid, by an abatement of the other legacies.

The determination of the questions raised involve a consideration of an administration de bonis non, and the character and quality of the three legacies and the one devise.

Administration is either general or special. General when it is unlimited as to duration, and it is of the whole of the decedent's estate. Special when limited, either as to time, or as to the quantity of the decedent's estate. Limited administrations are, during minority, during absence, pending suit, and de bonis non, or of goods not administered.

An administration de bonis non is but a continuance of the original administration by another hand, and under a separate responsibility. The Act of February 24, 1834, sec. 31, P. L. 70, provides that an administrator d. b. n., with or without

a will annexed, shall have power to demand and recover from his predecessor in the administration, all moneys, goods and assets remaining in his hands.

Administration d. b. n. is where one is appointed to administer the goods of an estate which has been partially administered by a former executor or administrator who has since died, been discharged, or removed: Scott, page 106. And it depends upon two principal facts: First, that there is a vacancy in the office of executor or administrator, for if there is none the grant of such administration is void; and, secondly, that there are assets remaining to be administered. This second fact, however, need not be conclusively established. If a prima facie case of assets is made out, it is sufficient for the appointment of such an administrator, and leave it to the common-law courts to settle title to the property.

The administrator can claim nothing but the goods, etc., remaining in specie, unconverted and unchanged, and his commission is for the administration of the goods and chattels, rights and credits which were of the decedent at the time of her death, and remain unadministered, that is, in specie, unaltered or unconverted, by any act of the first executor.

What is meant by having administered a decedent's personal estate is not barely that it had been converted into cash by the executor, but that he had also disbursed and paid out the same, together with all the assets of the estate, which at any time came to his hands, in the manner required by law.

It has not been shown that there are any goods and chattels of the decedent which remained in specie, unadministered, in the hands of the former executor.

Coming now to the consideration of the character and quality of the three legacies and the one devise. According to our view of the matter the gifts of the piano and all the rest of the household goods, etc., are specific legacies; the devise of the property on Penn avenue, is a specific one; while the gift of $500 is nothing more or less than a general legacy.

Legacies for all purposes of legal adjudication are of three kinds: general, demonstrative and specific. A legacy is general when it does not amount to a bequest of any particular

thing, or money, distinguished from all others of the same kind. When it is so given as not to amount to a bequest of a specific part of a testator's personal estate, as of a sum of money generally: 1 Roper on Leg. (2d Am. ed.), p. 365.

A regular specific legacy may be defined:

"The bequest of a particular thing or money specified and distinguished from all others of the same kind, as of a house, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor." It differs from a general or pecuniary legacy in this respect, that if there be a deficiency of assets, the specific legacy will not be liable to abate with the general legacies: 1 Roper on Leg. (2d Am. ed.), p. 190. The specific legatees take their bequests in specie, and the specific devisees take the real estate directly under the will.

These distinctions are all important to this inquiry, for a general legacy will abate until entirely consumed before the specific legacies can be compelled to abate.

When the language of the bequest is such that neither by reference to any collateral thing can the money be distinguished from the testator's other moneys, nor a clear intention be perceived to give a specific part of his personal estate, such a bequest will be general; it does not fall within the definition which has been given of a regular specific legacy. The legatee is unable to point out any particular sum of money that she can call her own. The legacy therefore must necessarily be general.

Money may be the subject of a specific bequest, the test being, is it money separated from the testator's other money and from his general personal estate, and described as in that condition, so that the intention is clear to give the identical and particular money and not a sum of like amount from the testator's money generally: Gilchrist's Estate, 9 Pa. Dist. Rep. 249; Barrett's Estate, 22 Pa. Superior Ct. 74.

Having fixed the quality of these several bequests, the next question that arises is this: In the event of an insufficient fund to pay all of them, upon which does the loss fall? Our answer to the question is, upon the person who claims the general legacy.

When the bequest is made in the form of a general legacy, and there are no expressions in, or inference to be drawn from, the will, manifesting an intent to give priority, the legacy is not exempt from abatement.

If there is a deficiency of assets after payment of debts, expenses and specific legacies, the loss is borne entirely and proportionately by those pecuniary legacies which are in their nature general: Appeal of University of Penna., 97 Pa. 187.

It is presumed to be the intention of the testator that the legatee should have the chattels and the devisee the lands: Grim's Appeal, 89 Pa. 333. Real estate specifically devised cannot be resorted to for payment of a pecuniary legacy in case of a deficiency of personal estate: Martin's Estate, 12 Lanc. Law Rev. 359.

A testator owned a farm which he devised to his son, and also made a bequest of a certain sum of money to one of his children, and there being no personal estate out of which to pay the same, and no direction that said bequest should be a charge on the real estate, held, that the said bequest must fall: Kreitz v. Raub, 3 Lanc. Law Rev. 196.

The specific legatees and devisees cannot be called upon to pay any portion of the general legacy of $500 to Mary Nallin O'Malley. There being no moneys with which to pay it, and as there is nothing in the will to indicate any intention upon the part of the testatrix to charge it upon the real estate devised, it must fall.

What remedy, under existing circumstances, the petitioner can have, for the recovery of her legacy, we are not bound to say; we are to decide whether the proceeding which she has brought be maintainable. Our opinion is against the proceeding.

Now, December 17, 1906, the petition of Mary Nallin O'Malley is dismissed and the appeal from the register is not sustained.

*Error assigned* was decree dismissing the petition.

*A. A. Vosburg*, with him *C. W. Dawson*, for appellant, cited: Eyster's Est., 5 Watts, 132; Potts v. Smith, 3 Rawle, 361;

Com. v. Strobecker, 9 Watts, 479; Maupay's Est., 2 Brewst. 491.

*Cornelius Comegys,* for appellees, cited: United States v. Perryman, 100 U. S. 235; Appeal of University of Penna., 97 Pa. 187; Grim's App., 89 Pa. 333; Kreitz v. Raub, 3 Lanc. Law Rev. 196.

OPINION BY RICE, P. J., December 7, 1908:

This is an appeal by Mary Nallin O'Malley, a legatee under the will of Elizabeth Ruddy, deceased, from a decree of the orphans' court dismissing her appeal from an order of the register of wills refusing and dismissing her petition for the appointment of an administrator de bonis non cum testamento annexo of the estate of Elizabeth Ruddy. At the foundation of the proceedings is the petition of the appellant which was addressed to the register. It set forth that Elizabeth Ruddy died on a date named, leaving a will, a copy of which was attached to the petition; that by the will a legacy of $500 was left to the petitioner, no part of which had been paid; that the executor filed an account which was approved by the court, and thereafter, but without any notice to the petitioner (the allegation as to want of notice was denied in the answer), was discharged; and that the petitioner was informed that the other bequests and devises had been carried out, but that nothing had been paid to her. The petition did not allege that any assets of the estate had been discovered after the executor filed his account, nor that the estate had not been fully administered, nor that there were any moneys, goods or assets remaining in his hands due to and belonging to the testator's estate, nor that any promises had been made to him in his representative character upon which an action would lie, nor that any judgment obtained by or in the name of the executor remained unsatisfied. What occasion then was there for the appointment of an administrator de bonis non? Doubtless, if the register had made the appointment, it could not be attacked collaterally. But the question here is not, whether it would be void for want of jurisdiction, but whether under

the circumstances his action in refusing to make the appointment was erroneous and injurious to the petitioner. Counsel say that if this appeal is sustained, they propose to ask for the enforcement of the petitioner's legacy by proceeding against the new administrator. But this seems to be a very unsatisfactory answer, unless more can be shown than is alleged in the petition, and looking at the case from the standpoint of the petition only, we discover no other answer to the question that is satisfactory. Nor is a different conclusion reached by considering the case in the light of the facts recited in the opinion of the learned judge below, to which we refer for a full discussion of the questions arising out of the provisions of the will and the facts developed on the hearing.

Moreover, it appears that after the register had refused and dismissed her petition, the petitioner instituted another proceeding in the orphans' court, which had for its object the striking off of the confirmation of the executor's account, the review of his account and the vacation of the decree discharging him. The fact that the disposition of that proceeding was postponed, upon the application of the appellant, until after the proceeding now under review should be determined, does not furnish a valid reason why, in determining the latter, the court should not consider the nature of the legacies and pass on the question whether the appellant's legacy was a charge on the land. Nor do we perceive any other reason for questioning the propriety of considering those matters, or for overturning the conclusions relating to them at which the learned judge arrived. We express no opinion upon the questions that have arisen or may arise in the second proceeding above referred to, further than to say that, so far as now appears, it affords protection to any right the appellant is in position to assert. The raising up of a new administration would not put her in any better position, but would be the cause of unnecessary circumlocution and expense. We find no error in the decree appealed from of which the appellant can justly complain.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.